IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MISTY HARTMAN,<br><br>    Plaintiff,<br><br>        vs.<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:12-cv-00364-TS |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. Plaintiff Misty Hartman brings claims for defamation and interference of economic relations against Defendant DynCorp International, LLC ("DynCorp"). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

I.  BACKGROUND

Plaintiff is a resident of Utah. Defendant is a Delaware limited liability company with its principal place of business in Falls Church, Virginia. Plaintiff, Ms. Hartman, was an employee of DynCorp International FZ-LLC, a Dubai U.A.E. Free Zone company with its principal place of business in Dubai Internet City. There is some dispute about the extent that the two companies are intermingled. Because this Court resolves all factual disputes in favor of Ms. Hartman in determining whether she has made a prima facie showing of jurisdiction, this Court refers collectively to DynCorp to refer to DynCorp International, LLC and DynCorp

1

International FZ-LLC, and for purposes of this Motion to Dismiss, this Court attributes the contacts of each company to the other.

Ms. Hartman applied for a Financial Analyst position with DynCorp via the internet. Using the internet from her home in Utah, Ms. Hartman created an online account with DynCorp and applied for a Financial Analyst position. After applying, Ms. Hartman received an e-mail that DynCorp was interested in interviewing her for the position. While in Utah, she participated in a telephone interview. Ultimately, she was hired by DynCorp to be a Financial Analyst in Afghanistan.

Shortly thereafter, Ms. Hartman's employment with DynCorp was terminated. This lawsuit arises from allegations that DynCorp then erroneously submitted an Adverse Information Report to the United States State Department falsely stating that Ms. Hartman was terminated "With Cause" and was not eligible for rehire. As a result, Ms. Hartman alleges that a job offer with a different company was rescinded.

## II.  LACK OF JURISDICTION

Plaintiff carries the burden of establishing personal jurisdiction over Defendant.[1] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[2]

---

[1] *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[2] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

Where the determination of jurisdiction is to be decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing that jurisdiction exists.[3] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor."[4]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[5] The minimum contacts standard may be met by a finding of either general jurisdiction or specific jurisdiction.

### A. GENERAL JURISDICTION

For general jurisdiction to exist, the defendant must conduct substantial and continuous local activity in the forum state.[6] Neither party argues that this Court has general jurisdiction over Defendant. General jurisdiction, therefore, is not analyzed.

### B. SPECIFIC JURISDICTION

To meet the minimum contacts requirement in the specific jurisdiction context, (1) the defendant must purposefully direct its activities at the forum, and (2) the plaintiff's injuries must

---

[3] *Bell Helicopter Textron, Inc. v. Heliquest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[4] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990) (quoting *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)).

[5] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[6] *Soma Med. Int'l*, 196 F.3d at 1295.

arise out of those forum-related activities.[7] Further, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.[8]

"The 'minimum contacts' test examines the number and nature of a defendant's contacts with the forum."[9] Plaintiff asserts that Defendant's contacts with the forum state of Utah are significant because of Defendant's online, electronic, and telephonic activities directed at the forum. Specifically, Plaintiff asserts that Defendant is subject to jurisdiction in Utah because: DynCorp operated a website that links internet users, including Ms. Hartman, to DynCorp's career website, which allows individuals to apply for jobs with DynCorp; DynCorp called Ms. Hartman in Utah to conduct a telephone interview with her; and DynCorp sent e-mails to Utah including sending Ms. Hartman an electronic offer letter. Plaintiff also asserts that DynCorp sent a defamatory letter to the State Department, which caused her harm in Utah.

A.  PURPOSEFUL DIRECTION

DynCorp operates a website that directly links internet users to DynCorp's career website, which allows individuals to create a personal user account and search and apply for jobs with DynCorp. Plaintiff alleges that this website is an interactive website and is a sufficient contact for this court to exercise jurisdiction over Defendant. Further, Plaintiff argues that, in tort actions, personal jurisdiction may be found on significantly fewer contacts, so long as the

---

[7] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).

[8] *Id.* (citing *Int'l Shoe Co. v. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

[9] *Red Wing Shoe Co. v. Hockerson-Balberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998).

forum contacts directly cause the tortious injury at issue in the litigation.[10] Defendant argues that jurisdiction is improper because DynCorp did not purposefully direct its conduct at the forum state.[11]

Some courts have adopted a sliding scale framework that considers the level of website interactivity dispositive for jurisdictional analysis.[12] The Tenth Circuit has not adopted such a framework.[13] Still, the online world requires courts to adapt some of its personal jurisdiction tools because the internet is omnipresent.[14] If a court concluded that the act "of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist."[15] "To avoid this untenable result" the Tenth Circuit has placed emphasis on the "internet user or [web]site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."[16]

---

[10] Docket No. 16, at 6 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

[11] Docket No. 10, at 8–9.

[12] *See e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

[13] *Shrader v. Biddinger*, 633 F.3d 1235, 1242 n. 5 (10th Cir. 2011) ("This court has not taken a definitive position on the *Zippo* sliding-scale test . . . . Nor do we take such a position here in merely considering the passive character of the [website] forum as germane to our jurisdictional analysis."). *Shrader* goes on to note that courts that do employ the sliding scale test do so "more as a heuristic adjunct to, rather than a substitute for, traditional jurisdictional analysis." *Id.*

[14] *Id.* at 1240.

[15] *Id.*

[16] *Id.*

Operating a website does not automatically subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state.[17] The shared aim of the purposeful direction doctrine is "to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state."[18] The "salient factors" that together indicate "purposeful direction" are: intentional action, expressly aimed at the forum state, with knowledge that the brunt of the injury would be felt in the forum state.[19]

*Shrader* utilizes the facts of the well-known case of *Calder v. Jones* to explain purposeful direction. "Publication of the allegedly defamatory article about actress Shirley Jones supported specific personal jurisdiction in California not simply because she lived there but because her professional work was uniquely tied to California, where the television and film industries are centered."[20]

In this case, Ms. Hartman suffered harm in Utah in the sense that she incurred harm and resided in Utah when she did so, but not because any intentional action was aimed there. E-mails and telephone calls between DynCorp and Ms. Hartman occurred while Ms. Hartman was in Utah. These contacts are intentional acts, but these contacts were not expressly aimed at the

---

[17] *Id.* at 1241 (citing *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010); *Carefirst of Md. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 401 (4th Cir. 2003); *Revell v. Lodov*, 317 F.3d 467, 471–76 (5th Cir. 2002)).

[18] *Dudnikov*, 514 F.3d at 1071.

[19] *Shrader*, 633 F.3d at 1240 (citing *Dudnikov*, 514 F.3d at 1072).

[20] *Id.* at 1244 (citing *Calder*, 465 U.S. at 788–89 (noting California was "the focal point both of the story and of the harm suffered," the story was "drawn from California sources" and "impugned the professionalism of an entertainer whose television career was entered in California)).

forum.  Nor is her professional work uniquely tied to Utah.  In fact, her work with DynCorp was located in Afghanistan.[21]  Finally, DynCorp had no knowledge that the brunt of any injury would be felt in Utah.  Therefore, Plaintiff has failed to show that Defendant purposefully directed its activities to Utah.

Plaintiff asserts that the *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.* decision provides a different result.  *Dudnikov* is distinguishable.  In *Dudnikov,* one party sent a letter to a company in California with the express purpose of stopping an online auction in Colorado.  On these facts, the court held that the party expressly aimed an intentional act at Colorado.  Here, Plaintiff alleges that Defendant sent an Adverse Information Report to the State Department, after Plaintiff was terminated from employment in Afghanistan.  Plaintiff claims this report has affected her ability to find future employment, and explains that another job offer was rescinded because of the letter.  But Ms. Hartman does not allege that the rescinded position was located in Utah.[22]

Based on this, the Court finds an intentional act, but not one that was aimed at the forum.  Nor does this Court find any knowledge that the brunt of any injury would be felt in the forum.  As the Tenth Circuit has eloquently stated, "plaintiff's residence in the forum state, and hence suffering harm there, does not alone establish personal jurisdiction."[23]  Therefore, dismissal is appropriate.

---

[21] Docket No. 16, at 4.

[22] *Id.*

[23] *Shrader,* 633 F.3d at 1245.

B.      ARISING OUT OF

Even if purposeful direction were met, jurisdiction would still be improper because Plaintiff's causes of action in this case do not arise out of Defendant's contacts in Utah. To support specific jurisdiction, there must also be a nexus between the defendant's forum-related contacts and the plaintiff's cause of action.[24] "Generally speaking, specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else."[25] As to this element, the Tenth Circuit has rejected a loose "substantial connection" test and has insisted on retaining a true causal element between the cause of action and the forum contacts.[26]

Courts have found phone calls, faxes, letters, or e-mails sent by out-of-state defendants to forum residents to be sufficient to support specific jurisdiction. But that is when the e-mails or other contacts directly give rise to the cause of action. For example, in the case of fraud effected by the communication or for defamation.[27]

In *Kuenzle v. HTM Sport-Und Freizeitgerate AG,* the defendant manufactured allegedly defective ski bindings in Austria which the plaintiff bought in Switzerland and took to Wyoming,

---

[24] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1160 (10th Cir. 2010).

[25] *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.,* 385 F.3d 1291, 1296 (10th Cir. 2004).

[26] *Dudnikov*, 514 F.3d at 1078–79 (rejecting the "substantial connection test," but not deciding between the "but for" causation and "proximate cause" tests).

[27] *Shrader*, 633 F.3d at 1247 (citing published and unpublished opinions in support of such proposition).

where she was injured.[28] The defendant was an Austrian company that sold its products in the United States through an independent distributor.[29] The plaintiff argued that the court should consider the defendant's actions, the actions of its employees, as well as those of the independent distributor, in determining whether the Defendant's contacts were sufficient to establish jurisdiction.[30] The court noted that the plaintiff's injury would have occurred in Wyoming with or without defendant's contacts there.[31] The court reasoned that "the requirement that the claim arises out of or results from the forum-related activities is not satisfied when the plaintiff would have suffered the same injury even if none of the defendant's forum contacts had taken place."[32] The court refused to exercise jurisdiction.[33]

Here, Plaintiff sought out the internet to apply for jobs. She found out about the Financial Analyst position via the internet and she applied for the job via the internet.[34] DynCorp contacted Ms. Hartman through phone calls and e-mails in order to contract with her for employment. Though DynCorp does have a general internet presence including a website accessible in Utah, the causes of action does not arise out of its website, its e-mail or its phone contacts in the forum.

---

[28] *Kuenzle,* 102 F.3d at 456.

[29] *Id.* at 455.

[30] *Id.*

[31] *Id.* at 456.

[32] *Id.* at 456–57 (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995)).

[33] *Id.* at 459.

[34] Docket No. 16, at 3.

Plaintiff's claims—defamation and interference with economic relations—arise out of the Adverse Information Report DynCorp sent to the State Department, not to any information that was available on the internet Ms. Hartman accessed in Utah. Ms. Hartman's injury would have happened regardless of whether DynCorp had contacts in Utah. There is simply no nexus between Defendant's forum-related contacts and Plaintiff's causes of action. Even under the least restrictive "but for" test, this Court cannot say that "any event in the causal chain lead[s] to the plaintiffs injury."[35]

The Court finds that Plaintiff has not been able to establish sufficient minimum contacts in the forum in order for this Court to exercise jurisdiction. For that reason the Court does not address whether jurisdiction comports with fair play and substantial justice. Defendant did not purposefully direct contacts at Utah nor were Defendant's contacts in Utah the cause of the Plaintiff's injuries in this matter.

## IV. CONCLUSION

It is therefore ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED. The Clerk of this Court is directed to close this case forthwith.

DATED September 28, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[35] See Dudnikov, 514 F.3d at 1078.